IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IHTISHAM BUTT,

   Petitioner,

v.

UNITED STATES,

   Respondent.

Civil Action No.: SAG-22-96

**MEMORANDUM OPINION**

The above-entitled case was filed on January 13, 2022. ECF 1. Petitioner Ihtisham Butt, a state inmate currently incarcerated at the Jessup Correctional Institution in Jessup, Maryland, did not pay the filing fee or seek leave to proceed in forma pauperis. Because the petition must be dismissed, he shall not be required to correct the deficiency.

Petitioner Ihtisham Butt seeks an Order from this Court mandating the commencement of his deportation proceedings. He explains that he was born in Pakistan, came to the United States in 2005, and overstayed his visa. ECF 1 at 1. In 2011, he was convicted of unidentified felonies in the Circuit Court for Baltimore City. *Id.* He recently learned that he has an immigration detainer lodged against him and seeks to have his deportation proceedings started. *Id.*

Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). The failure to show any of

these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Or. Nat. Resource Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers but will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Under the Immigration and Nationalities Act, 8 U.S.C. § 1231, the Attorney General may remove a deportable alien prior to the expiration of his prison term under certain conditions. *See* 8 U.S.C. § 1231(a)(4)(B). Butt, however, has no private right to an order of deportation. "No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). Accordingly, courts have uniformly held that no alien has an individual right to compel the Attorney General or the Department of Homeland Security to deport him. *See, e.g., Prieto v. Gluch,* 913 F.2d 1159 (6th Cir.1990); *Thye v. United States,* 109 F.3d 127 (2d Cir.1997) (per curiam); *Hernandez-Avalos v. Immigration & Naturalization Serv.,* 50 F.3d 842 (10th Cir.1995); *Campos v. Immigration & Naturalization Serv.,* 62 F.3d 311 (9th Cir.1995); *Giddings v. Chandler,* 979 F.2d 1104 (5th Cir.1992); *Aguirre v. Meese,* 930 F.2d 1292 (7th

Cir.1991) (per curiam).  Butt is not entitled to the relief he seeks.  As mandamus is unavailable in this circumstance, the petition shall be dismissed.

     A separate order follows.

February 22, 2022                                                          /s/
Date                                                               Stephanie A. Gallagher
                                                                   United States District Judge